UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID DRUMMOND,<br>    *Plaintiff* | § § § § § § § § § | |
| vs. | | C.A. NO. _____ |
| KHOU-TV INC., WFAA-TV, INC.,<br>and BELO CORP.,<br>    *Defendants* | | **DEMAND FOR JURY TRIAL** |

# COMPLAINT

PLAINTIFF DAVID DRUMMOND brings this complaint for Copyright Infringement, Conversion, Unfair Competition, an Accounting, and Declaratory Relief, and alleges as follows:

## PARTIES

1. PLAINTIFF DAVID DRUMMOND ("Plaintiff Drummond") is an individual who resides, and at all times herein mentioned did reside, in Brownfield, Texas.

2. On information and belief, DEFENDANT KHOU-TV, INC. ("KHOU-TV") is a corporation organized and existing under the laws of the State of Delaware and is located at 1945 Allen Parkway, Houston, TX 77019. KHOU-TV operates television station KHOU in the Houston, Texas area, as well as the website http://www.khou.com. Defendant KHOU-TV may be served through its registered agent Guy H. Kerr at 400 South Record Street, Dallas, TX 75202.

3. On information and belief, DEFENDANT WFAA-TV, INC. ("WFAA-TV") is a corporation organized and existing under the laws of the State of Delaware and

1

has its principal executive offices at 400 South Record Street, Dallas, Texas 75202-4806. WFAA-TV operates television station WFAA in the Dallas, Texas area, as well as the website http://www.wfaa.com. Defendant WFAA-TV may be served through its registered agent Guy H. Kerr at 400 South Record Street, Dallas, TX 75202.

4. On information and belief, DEFENDANT BELO CORP. ("Belo Corp.") is a corporation organized and existing under the laws of the State of Delaware and has its principal executive offices in Dallas, Texas and is in the business of owning and operating television stations, cable news channels, and corresponding websites. Defendant Belo Corp. may be served through its registered agent Guy H. Kerr at 400 South Record Street, Dallas, TX 75202.

5. On information and belief, KHOU-TV and WFAA-TV are wholly owned subsidiaries of Belo Corp.

## JURISDICTION AND VENUE

6. This action is brought under the Copyright Act of the United States, 17 U.S.C. §§ 501 et. seq.

7. This action is brought and subject matter jurisdiction lies within this Court pursuant to 28 U.S.C. §§1331 (federal question jurisdiction) and 1338 (copyright jurisdiction). This court has federal question jurisdiction over this matter because Plaintiff seeks damages against the defendants, jointly and severally, under The United States Copyright Act of 1976, 17 U.S.C. §§ 501 et. seq., in excess of $10,000.

8. Venue in this action is proper in this District because Defendant KHOU-TV

is physically located in Houston, Texas, and because the facts and circumstances giving rise to these causes of action took place in substantial part in Harris County and Galveston County, Texas.

## FACTS COMMON TO ALL CAUSES OF ACTION

9.  Plaintiff David Drummond is a professional freelance videographer, whose primary business is the filming of severe weather and the licensing of his footage to broadcasting companies.

10. On Sunday, September 12, 2008, Plaintiff Drummond was filming Hurricane Ike's impact on Galveston Island, Texas. Plaintiff Drummond was running live streaming video almost continuously to SevereStudios.com, a website owned and operated by non-party SevereStudios, Inc. ("SevereStudios").

11. Plaintiff Drummond contracted with SevereStudios to handle the distribution of any of Plaintiff Drummond's live footage videotaped while Plaintiff Drummond was in the field. Plaintiff Drummond also agreed to a licensing agreement with SevereStudios to broadcast live footage of Hurricane Ike on SevereStudios.com.

12. Around 4:00 p.m. on September 12, 2008, Plaintiff Drummond noticed smoke, and started filming a large boat warehouse that caught on fire.

13. Plaintiff Drummond had the exclusive live video of the first major fire of Hurricane Ike ("Footage"), and the Footage initially appeared on SevereStudios.com pursuant to their licensing agreement.

14. At or around 4:20 p.m., non-party individual Kevin Brown saw the Footage on SevereStudios.com, and sent an e-mail to Defendant KHOU-TV inquiring

about the warehouse fire.

15. The e-mail, sent at 4:20 p.m., included the direct link to SevereStudios' broadcast of Plaintiff Drummond's Footage.

16. Sometime between 4:20 p.m. and 4:46 p.m., Defendant KHOU-TV began broadcasting the Footage on its television station KHOU.

17. By 4:46 p.m. non-party Kory Hartman, CEO of SevereStudios, saw that Defendant KHOU-TV was broadcasting the Footage. Because SevereStudios was handling the distribution of the Footage, Mr. Hartman knew that Defendant KHOU-TV did not have a license to broadcast the Footage. Mr. Hartman wrote to Defendant KHOU-TV asking them to stop airing the Footage until Defendant KHOU-TV was able to negotiate a license for broadcasting.

18. Defendant KHOU-TV replied five minutes later admitting the mistake, telling Mr. Hartman that a viewer provided the link to SevereStudios' website broadcast of the Footage, and assuring Mr. Hartman that Defendant KHOU-TV would stop broadcasting it.

19. Further attempts by Mr. Hartman to arrange licensing with Defendant KHOU-TV did not result in an agreement, and Defendant KHOU-TV never secured a license to display the Footage on KHOU or any other station.

20. Plaintiff Drummond had no agreements or contracts with Defendant KHOU-TV or any other television station for use of the Footage in television broadcasts or otherwise.

21. Despite its failure to procure a license for the use of the Footage, Defendant KHOU-TV continued to air the Footage even after the license

discussions with Mr. Hartman broke down.

22. Defendant KHOU-TV's airings of the Footage included both live broadcast of the Footage as well as taped airings of the Footage on later broadcasts.

23. On September 13, 2008, Mr. Hartman again attempted to contact Defendant KHOU-TV in order to negotiate a deal for their use of Plaintiff Drummond's Footage on-air, but no response was ever made to the calls.

24. Sometime before December 9, 2008, Defendant WFAA-TV uploaded the Footage without authorization from Plaintiff Drummond to their website http://www.wfaa.com.

25. Upon information and belief, Defendant WFAA-TV gained access to the Footage through its corporate relationship with Defendant KHOU-TV and Defendant Belo Corp.

26. Plaintiff Drummond is and always has been the sole proprietor of all rights, title, and interest in and to the copyright in the Footage. Plaintiff Drummond is the author of the Footage, and is the owner of the copyrights therein pursuant to 17 U.S.C. § 201.

27. Plaintiff Drummond has complied in all respects with the Copyright Act of 1976, 17 U.S.C. § 101 et seq., as amended, and all other laws and regulations governing copyrights, and has secured the exclusive rights and privileges in and to the copyright for the Footage. The Register of Copyrights for the U.S. Copyright Office issued Plaintiff Drummond a valid Certificate of Copyright Registration for the Footage, entitled "Storm Chasing Hurricane Ike," number PA 1-613-056, effective October 27, 2008.

## FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT (Against all Defendants)

28. Plaintiff Drummond re-alleges and incorporates by reference paragraphs 9 through 27 above.

29. Defendants, KHOU-TV, WFAA-TV, and Belo Corp. (collectively the "Defendants") had access to Plaintiff Drummond's original work of authorship through the SevereStudios.com link sent to Defendant KHOU-TV by Kevin Brown, as well as the corporate relationships of the Defendants.

30. Defendants did not have authorization to copy, reproduce, or create derivative works of the Footage for any reason or purpose.

31. By using the Footage, Defendants violated exclusive rights granted in 17 U.S.C. § 106, owned by Plaintiff Drummond at the time of the infringement, specifically his exclusive right to (1) prepare derivative works based on the copyright work; (2) to distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (3) to display the copyrighted work publicly.

32. As the Footage was created on September 12, 2008, all uses at issue are within the three-year statute of limitations period.

33. As a direct and proximate result of their wrongful conduct, the Defendants have realized and continue to realize profits and other benefits rightfully belonging to Plaintiff Drummond for the Footage. Accordingly, Plaintiff Drummond seeks an award of actual damages plus attorney's fees and costs pursuant to 17 U.S.C. §§ 504 and 505.

34. In the alternative, Plaintiff Drummond is entitled to and seeks statutory

damages for the Defendants' infringements of the Footage, including attorney's fees and costs, pursuant to 17 U.S.C. §§ 504 and 505.

35. The infringements by the Defendants were willful and performed with knowledge that the use of the Footage was unauthorized; Plaintiff Drummond is therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. § 504.

## SECOND CLAIM FOR RELIEF
### Contributory Infringement
### (Against Defendant Belo Corp.)

36. Plaintiff adopts and incorporates paragraphs 9 through 27 above.

37. Defendant Belo Corp., without the authority of Plaintiff Drummond or the law and in violation of 17 U.S.C. § 501, infringed contributorily by intentionally inducing and encouraging direct infringement by other parties.

38. Defendant Belo Corp. is contributorily liable for the above intentional encouragement of direct infringement by knowingly taking steps which were substantially certain to result in direct infringement.

39. Defendant Belo Corp. is contributorily liable for infringement because it learned of specific infringing material available to KHOU-TV and failed to purge such material from its network of subsidiaries, therefore knowing of and contributing to direct infringement.

40. As a direct and proximate result of Defendant Belo Corp.'s contributory infringement, Plaintiff Drummond has suffered injuries and damages and so is entitled to the remedies set forth under 17 U.S.C. §§ 504 and 505.

## THIRD CLAIM FOR RELIEF
### Vicarious Liability
### (Against Defendant Belo Corp.)

41. Plaintiff adopts and incorporates paragraphs 9 through 27 above.

42. As owners and/or operators of KHOU-TV, Defendant Belo Corp. had both a legal right to stop or limit the directly infringing conduct stemming from the broadcasting of the Footage, as well as the practical ability to do so.

43. Additionally, as owners and operators of KHOU-TV and WFAA-TV, the Defendants gained a direct financial benefit from the direct infringement of others through the unauthorized broadcasting of the Footage.

44. As such, Defendant Belo Corp. had: (1) the right and ability to supervise or control the infringing activity; and (2) a direct financial benefit from that activity. Therefore, Defendant Belo Corp. is vicariously liable for the infringing activity.

45. As a direct and proximate result of Defendant Belo Corp.'s vicarious infringement as described above, Plaintiff Drummond has suffered injuries and damages.

## FOURTH CLAIM FOR RELIEF
### AN ACCOUNTING (Against all Defendants)

46. Plaintiff adopts and incorporates paragraphs 9 through 27 above.

47. The full extent of Defendants' infringement is not now known to Plaintiff Drummond and cannot be ascertained without an accounting by each Defendant.

48. Each Defendant should be required to account for (a) all gains, profits and intangible uses and advantages derived by each Defendant by the use of the Footage; and (b) all gains, profits and intangible uses and advantages derived by

8

each Defendant by its infringement of Plaintiff's copyright.

## FIFTH CLAIM FOR RELIEF
### CONVERSION (Against all Defendants)

49. Plaintiff adopts and incorporates paragraphs 9 through 27 above.

50. Plaintiff brings this claim under the laws of the State of Texas.

51. Plaintiff owned the rights to his Footage as his personal property and has been injured, and continues to be injured, by the Defendants' unauthorized, wrongful and illegal use and replication of his Footage, layout, design and concept. Defendants should be jointly and severally liable for conversion of Plaintiff's Footage.

52. Therefore, Plaintiff brings this action under the laws of the State of Texas for conversion.

## SIXTH CLAIM FOR RELIEF
### UNFAIR COMPETITION
### (Against Defendant KHOU-TV)

53. Plaintiff adopts and incorporates paragraphs 9 through 27 above.

54. Plaintiff brings this action under both state and federal law.

55. Plaintiff Drummond created his Footage through extensive time, labor, and skill, and was deprived of the monetary profit of his efforts by the Defendants' unauthorized use of his work, causing commercial damage to Plaintiff.

56. Defendants gained a special advantage in competition with the Plaintiff because the time, effort, labor, skill and cost to Defendants was substantially reduced in relation to the profit gained, by using and replicating Plaintiff's valuable work product and concept, and offering it as their own endeavor.

57. Therefore, Plaintiff brings this action for unfair competition under principles of state law and/or federal law.

### SEVENTH CLAIM FOR RELIEF
#### DECLARATORY JUDGMENT
#### (Against all Defendants)

58. Plaintiff adopts and incorporates paragraphs 9 through 27 above.

59. An actual controversy has arisen between Plaintiff Drummond and the Defendants. Plaintiff Drummond desires a judicial determination that: (1) Plaintiff Drummond owns all rights, title and interest in the Footage he copyrighted; (2) that Defendants had no license or permission to copy, broadcast, or otherwise replicate Plaintiff's images, design, concept and layout; (3) that Defendants infringed Plaintiff's copyright when they used and broadcasted the Footage on television and websites; (4) that Defendants willfully infringed Plaintiff's copyright when they continued to air the Footage despite their failure to successfully negotiate a license; and (5) that Defendants have no present or future rights to sell, distribute, exploit, display, publish or possess the Footage.

### EIGHTH CLAIM FOR RELIEF
#### ATTORNEYS FEES AND COSTS
#### (Against all Defendants)

60. Plaintiff adopts and incorporates paragraphs 9 through 27 above.

61. Due to the unlawful actions by Defendants, it has become necessary for Plaintiff to retain the services of the undersigned copyright attorney as well as the undersigned Texas attorney to prosecute his claims. Plaintiff is entitled to

payment of its reasonable and necessary attorney's fees and costs from Defendants, jointly and severally.

**WHEREFORE, PLAINTIFF PRAYS FOR JUDGMENT AS FOLLOWS:**

62. that Defendants infringed Plaintiff's rights to the Footage under the Copyright laws of the United States;

63. that Defendants willfully infringed Plaintiff's rights to the Footage under the Copyright laws of the United States;

64. that Defendants be required to pay Plaintiff such damages that he has sustained in consequence of Defendants' infringement of his copyright, according to 17 U.S.C. §504(b);

65. that Defendants be required to account for (a) all gains, profits and advantages derived by each Defendant by the use of the Footage; and (b) all gains, profits and advantages derived by Defendants by their infringement of Plaintiff's copyright or such damages as the Court shall determine proper within the provisions of the copyright statutes but not less than $150,000.00. When Plaintiff ascertains the exact amount of damages, which can currently be known only to Defendants, Plaintiff will seek leave of Court to amend this Complaint to set forth the amount;

66. that Defendants be required to pay Plaintiff the profits of each defendant attributable to the infringement as provided by 17 U.S.C. §504(b);

67. In the alternative, if Plaintiff so elects, Plaintiff prays for judgment under 17 U.S.C. §504(c) and other sections of that statute, of an award of statutory

11

damages against Defendants, in lieu of actual damages for each and every infringement;

68. that the Court increase these damages to the statutory maximum for each infringement upon a finding that these infringements will willful;

69. that Defendants be required to deliver up all copies of the Footage under their control and deliver up for destruction all infringing copies, including any and all digital or electronic copies of the Footage;

70. that Defendants, their agents and servants be enjoined during the pendency of this action, and permanently, from infringing the copyright of Plaintiff in any manner and from selling, publishing, marketing or otherwise using any copies of the Footage, including any and all digital or electronic copies of the Footage;

71. that Defendants be found liable for conversion and be made to pay Plaintiff for all damages caused by same;

72. that Defendants be found liable for unfair competition;

73. that Plaintiff is entitled to payment of its reasonable and necessary attorneys fees and costs from Defendants;

74. that Plaintiff be awarded punitive and exemplary damages against Defendants, according to proof;

75. for prejudgment and post-judgment interest, and all costs of court;

76. that all Defendants be held jointly and severally liable for the judgment rendered in this matter.

PLAINTIFF DAVID DRUMMOND further prays that, on final trial, the Court

award to Plaintiff all elements of damage set forth herein against Defendants, jointly and severally, for Plaintiff's damages, attorneys fees and costs, interest, court costs, and to enjoin Defendants from further use of Plaintiff's Footage, that this matter go hence without delay, and for such other and further relief, both special and general, at law and in equity, to which the Plaintiff may show himself to be justly entitled.

## JURY DEMAND

Plaintiff respectfully requests that when this case proceeds to trial, it be placed on the Court's jury trial docket.

Respectfully submitted,

_/s/ Pam Rea_
Pam Rea
State Bar No. 00792790
Federal I.D. No. 20799
7026 Old Katy Road., Suite 259
Houston, Texas 77024
(713) 980-4381
(713) 980-1179 – Facsimile

**Attorney in Charge
for David Drummond**